UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEON DAVIS,

    Plaintiff,                                Case No. 1:20-cv-73

v.                                             Hon. Hala Y. Jarbou

KYM REGAN, et al.,

    Defendants.
_____/

## ORDER

On October 20, 2021, the magistrate judge issued a Report and Recommendation (R&R) recommending that the Court grant Defendant Jeff Johnson's motion for summary judgment and dismiss him from the case (ECF No. 44). Before the Court is Plaintiff's objection to the R&R (ECF No. 45).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that Plaintiff failed to properly exhaust his administrative remedies in compliance with the Michigan Department of Corrections (MDOC) procedures as required by the Prisoner Litigation Reform Act (PLRA). Plaintiff filed only one grievance that could apply in this case, which did not name Defendant Johnson. Plaintiff filed no other grievance against Defendant Johnson.

Plaintiff objects that exhaustion is not required in this circumstance because the grievance process as an administrative remedy was not "available" to him as it pertains to Defendant Johnson.

*Ross v. Blake*, 578 U.S. 632, 648 (2016) (holding that the PLRA's exception to mandatory exhaustion states that an inmate need only exhaust such administrative remedies that are available). Plaintiff argues, as he did in his response to Defendant Johnson's motion for summary judgment, that MDOC policy rejects a prisoner's grievance if it contains duplicative issues, and therefore he could not have filed a grievance against Defendant Johnson because it related to the grievance he had already filed.  However, as the R&R points out, Plaintiff could have included Defendant Johnson in his first grievance and did not.  Plaintiff's objection does not address this.  Further, MDOC policy does not prevent Plaintiff from filing a separate grievance against Defendant Johnson but gives a reason why a duplicative grievance would be rejected.  *See* Policy Directive 03.02.130 (effective March 18, 2019).  Therefore, Plaintiff has not exhausted his remedies as to Defendant Johnson.

Accordingly,

**IT IS ORDERED** Plaintiff's objection (ECF No. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 44) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Johnson's motion for summary judgment (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Johnson is **DISMISSED** due to failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff's claim under Mich. Comp. Laws § 19.142 is **DISMISSED** for failure to state a claim.

Date:   December 15, 2021                              /s/ Hala Y. Jarbou
                                                       HALA Y. JARBOU
                                                       UNITED STATES DISTRICT JUDGE